Dear Dr. Falterman:
This office is in receipt of your request for clarification of Atty. Gen. Op. No. 95-38 in which the following question was set forth in regard to three investigators you have deputized:
 Can these investigators conduct interviews, fill papers and sign the order for protective custody which will enable you to efficiently serve the mental health people in the parish.
You acknowledge the conclusion that the assistants could not sign the order for protective custody is consistent with R.S. 28:53.2, but feel your question was not clear and should be restated.
You indicate on some occasions you are not immediately available to participate in the interview in regard to a request for an order for protective custody, and the coroner's investigators will assist in the interview as a follow up to the request for the order for protective custody. They will call you and give you the entire information. You can then give a verbal order to sign your name for the order for protective custody to allow the law enforcement agency to commence effectuating the order to pick up the person who is dangerous to himself or others to be transported to the proper facility. As soon as possible thereafter you sign that order by your own hand. You now ask the following:
 Could the coroner's investigator fill out the non-medical portion of the request for protective custody, take a verbal order and have the law enforcement agency begin the procedure in getting the particular patient to the designated hospital and have the designated coroner sign within a reasonable period of time.
As stated in the previous opinion issued to you R.S. 28:53.2(A) the parish coroner or judge may order a person to be taken into protective custody and transported to a treatment facility on the basis of the statement of a credible person under private signature that the person is in need of immediate treatment for protection. The provision further provides, "The order for custody shall be in writing, in the name of the state of Louisiana, signed by the district judge or parish coroner * * *."
While we do not feel the coroner has to personally take the statement of the person seeking a protective custody order, and can rely upon his investigators for this purpose, we believe unless the order is actually signed by the coroner the law enforcement authorities can refuse to transport the individual to the treatment facility. The statute clearly provides the order "shall" be in writing, "signed" by the district judge or coroner. We do not feel under this legislative directive that an oral order by the judge to his investigators to sign his name with the intent that it be subsequently signed by the judge at his earliest convenience is in conformity with the legislative mandate so as to permit taking the individual into custody for immediate transportation to a treatment facility. The signed order by the coroner, like an arrest warrant under C.Cr.P. Art203, serves as official authorization to take the individual into custody.
However, it would seem that the investigators could relay to the coroner by telephone or other electronic method of communication any statement they may obtain under private signature of a credible person with the facts to justify an order for protective custody in order to enable the coroner to immediately prepare and sign an order for protective custody. Accordingly, the statutory requirements would be complied with and the signed order could be electronically forwarded to the necessary law enforcement official to enable him to commence taking the individual into custody for transportation to the treatment facility.
The alternative would appear to be to have the statute amended to permit an order of protective custody to be issued by the coroner or judge orally by telephone or other electronic method after the statement is taken of a credible person under private signature in order to expedite putting the order of protective custody into action, or have the coroner take a sworn statement by electronic methods such as a telephone.
In this regard it is pertinent to note that the issuance of a search warrant is now permitted under C.Cr.P. Art. 162.1 by sworn oral testimony communicated to the judge by telephone, radio or other electronic method of communication rather than the previous requirement under C.Cr.P. Art. 162 that there be a written affidavit before issuance of a search warrant. The concept behind this amendment could be used for an amendment to R.S. 28:53.2 in connection with expediting the order for protective custody.
We hope this clarifies our earlier opinion and is of benefit to you.
Sincerely yours,
 RICHARD IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General
Attachment
OPINION NUMBER 94-267-A
JUNE 16, 1995
Brig. Gen. Jude W.P. Patin, Retired Secretary, DOTD Post Office Box 94245 Baton Rouge, Louisiana 70804-9245